IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| THOMAS J. DEMILIO, | : | |
| | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CITIZENS HOME LOANS, INC.; | : | |
| RALI 2007-QH9 TRUST as | : | CIVIL ACTION |
| administered by DEUTSCHE BANK | : | No. 3:12-CV-81 (CAR) |
| TRUST COMPANY AMERICAS, its | : | |
| Trustee; RESIDENTIAL FUNDING | : | |
| COMPANY, LLC; AURORA BANK | : | |
| FSB, RUSSELL MAYS, *et al.*, | : | |
| | : | |
|     Defendants. | : | |
| _____ | : | |

## ORDER DIRECTING PARTIES TO CLARIFY PRIVITY OF DEFENDANTS

Defendants, Aurora Bank FSB ("Aurora") and Deutsche Bank Trust Company Americas as Trustee for RALI 2007-QH9 ("Deutsche Bank") (collectively, "Defendants"), have moved this Court to dismiss Plaintiff Thomas J. DeMilio's Complaint [Doc. 1] pursuant to the doctrine of res judicata [Doc. 4]. Res judicata, or claim preclusion, is appropriate when a moving party demonstrates (1) there was a previous, final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) <u>the parties, or those in privity with them, are identical in</u>

both suits;[1] and (4) the same cause of action is involved in both cases.[2] Having carefully considered the parties' briefs, pleadings, and appropriate filings attached thereto, the Court is not satisfied by the parties' vague and conclusory recitation of "privity"—or lack thereof—between Defendants in the present action and those in *DeMilio v. Aurora Bank FSB, et al.*, No. 3:12-CV-17-CDL.

In their present filings, Defendants baselessly declare that "it is without serious question that all parties to this action were either parties to the First Litigation or are in privity with those parties to the First Litigation,"[3] while Plaintiff simply "denies there is identity of parties."[4] Neither Plaintiff nor Defendants reference any legal authority for these assertions, whether binding or persuasive. Further complicating this matter, Defendants may present "the relatively new question of whether a servicer and lender (or its assignee …) are in privity for purposes of res judicata."[5]

The Court concludes it is not in the interests of justice to evaluate a novel question of law[6] or divine the appropriate characterization of Defendants' relationships

---

[1] In particular, the Supreme Court has limited nonparty preclusion to six categories, including preclusion by (1) express agreement; (2) preexisting substantive legal relationships; (3) prior, adequate representation; (4) assumption of control over prior litigation; (5) relitigation through proxy; and (6) specific statutory schemes. *Taylor v. Sturgell*, 553 U.S. 880, 893-95 (2008) (disapproving the theory of privity by "virtual representation").

[2] *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999).

[3] [Doc. 4-1 at 12].

[4] [Doc. 11 at 6].

[5] *Duke v. Nationstar Mortgage, LLC*, No. 2:12-cv-00157, 2012 WL 3852121, at *7 (N.D. Ala. Aug. 30, 2012) (citing several district courts that have addressed this issue).

[6] The Court recognizes that this "novel" question may be a non-issue, which is dependent on the parties' theory of privity between Defendants of this case and its legally relevant predecessor.

without further clarification by both parties. Accordingly, the Court **HEREBY DIRECTS** both parties to file supplemental briefs that evaluate the privity of Defendants as required by res judicata analysis. Parties shall provide (1) a succinct description of <u>all Defendants'</u> alleged factual relations; (2) a legal basis for asserting that privity does or does not exist between <u>all Defendants</u> of the present case and those of *DeMilio v. Aurora Bank FSB, et al.*, No. 3:12-CV-17-CDL; and (3) application of these factual allegations to binding or persuasive legal authority. The Court reminds the parties that these briefs are made in contemplation of Defendants' Motion to Dismiss [Doc. 4]. Therefore, the Court will limit its consideration of this Motion to the pleadings and those exhibits which are undisputed and central to Plaintiff's claims.[7]

Defendants' supplemental brief shall be submitted no more than **TWENTY-ONE (21) DAYS** from the date of this Order. Thereafter, Plaintiff will file a responsive brief within **FOURTEEN (14) DAYS** of Defendants' submission. Upon receipt of the parties' responses to this Order, the Court will consider Defendants' pending Motion to Dismiss [Doc. 4] and Motion to Strike Plaintiff's Affidavit [Doc. 14].

---

[7] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Because Defendants claim the present case is barred by *res judicata*, the Court will take judicial notice of pleadings and motions filed in Plaintiff's previous action. *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010).

**SO ORDERED,** this 2nd day of November, 2012.

S/  C. Ashley Royal
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

BBP/lmh