## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

| | | |
|---|---|---|
| THOMAS J. DEMILIO, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | No. 3:12-CV-81 (CAR) |
| CITIZENS HOME LOANS, INC.; | : | |
| RALI 2007-QH9 TRUST as | : | |
| administered by DEUTSCHE BANK | : | |
| TRUST COMPANY AMERICAS, its | : | |
| Trustee; RESIDENTIAL FUNDING | : | |
| COMPANY, LLC; AURORA BANK | : | |
| FSB, RUSSELL MAYS, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

### ORDER ON DEFENDANTS' MOTION TO DISMISS

This matter arises out Plaintiff Thomas J. Demilio's petition to acquire unencumbered title to a five-acre parcel of property in Loganville, Georgia by "remov[ing] a particular cloud or clouds" to his purported title. Now, two of the above-captioned defendants, Aurora Bank FSB ("Aurora Bank") and Deutsche Bank Trust Company Americas as Trustee for RALI 2007-QH9 ("Deutsche Bank") (collectively, "Defendants") move this Court to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Having considered relevant law, Defendants' Motion, and the parties' responses and replies thereto, the Court concludes that Plaintiff's Complaint fails to

state a claim upon which relief can be granted.  Thus, Defendants' Motion to Dismiss

[Doc. 4] is **GRANTED**, and Plaintiff's Complaint is **DISMISSED with prejudice** as to

all Defendants.   Defendants' remaining Motions to Strike [Docs. 14 and 32] are

**TERMINATED as MOOT**.

## BACKGROUND

Plaintiff Thomas J. Demilio's case exemplifies the complexity of modern day

financing, involving a veritable host of legal entities that claim various, successive

property interests in Plaintiff's Promissory Note and Security Deed.   Unfortunately,

Plaintiff's particular circumstances are further complicated by his voluminous exhibits,

convoluted explanations, and oft-irrelevant legal arguments.

As far as the Court can discern from the pleadings and appropriate exhibits, the

general facts are as follows: Plaintiff and his wife executed a Promissory Note to obtain

a $42,000,000 loan from Defendant Citizens Home Loans, Inc. ("Citizens") on August

20, 2007.  This Promissory Note was, in turn, secured by a Security Deed on five acres of

Plaintiff's property in Loganville, Georgia (the "Loganville parcel").   The Security Deed

signed by Plaintiff expressly identified Mortgage Electronic Registration Systems, Inc.

("MERS") as nominee of Citizens and its successors and assigns, and as a grantee of the

Security Deed.   Following execution, the Promissory Note and Security Deed passed

through several other financial institutions before Aurora Bank obtained the Loganville

parcel by foreclosure sale on November 1, 2011.   Now, Plaintiff seeks unencumbered

title to this property by pursuing a quiet title action against Citizens and some its successors, a prior trustee, and one servicer of Plaintiff's loan.

This is not, however, Plaintiff's first attempt to obtain the Loganville parcel through legal proceedings against his original lender and various interested parties. Prior to foreclosure, Plaintiff and his wife filed suit against Citizens, Aurora Bank, Aurora Loan Services, LLC ("ALS"), MERS, and Merscorp, Inc. in the Superior Court of Walton County, Georgia on October 28, 2011.  In this "First Action," Plaintiff asserted claims for "wrongful foreclosure" and challenged Aurora Bank's standing to pursue foreclosure.  On February 9, 2012, the defendants properly removed the First Action to this Court.  Defendants then moved to dismiss the First Action pursuant to Rule 12(b)(6) for failure to state a claim upon which relief could be granted.  Plaintiff failed to respond to this motion, and Judge Clay D. Land dismissed the First Action on April 12, 2012, "in its entirety based upon Plaintiff's failure to prosecute her claims."[1]

On March 2, 2012, a little more than one month before Judge Land's dismissal, Plaintiff filed a "Second Action" in the Superior Court of Walton County, Georgia, seeking to quiet title of the Loganville parcel.  Defendants Aurora Bank and Deutsche Bank timely removed the Second Action to this Court, and they submitted yet another motion to dismiss on May 2, 2012.  With Defendants' motion to dismiss pending before

---

[1] *Demilio v. Aurora Bank FSB,* No. 3:12-CV-17-CDL, Doc. 5 at 1 (M.D. Ga. Apr. 12, 2012).

the Court, Plaintiff voluntarily dismissed the Second Action without prejudice on June 3, 2012.

The next day, Plaintiff initiated the instant "Third Action," once again filing his petition in the Superior Court of Walton County, Georgia.  Plaintiff's Third Action is substantively identical to his Second with one exception: Plaintiff joined a non-diverse individual defendant, Aurora Bank's eviction counsel attorney, Russell Mays, who was later dismissed by stipulation of the parties.  In familiar fashion, Defendants removed Plaintiff's petition to this Court and filed the instant Motion to Dismiss on June 22, 2012. After additional briefing by the parties, the Court is now prepared to render its judgment.

## DISCUSSION

### I.    Standard on Motion to Dismiss

On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by that party are accepted as true.[2] However, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[3]  This "facial plausibility" test is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable

---

[2] *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986).
[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (adopting the *Iqbal* pleading standards).

4

inference that that the defendant is liable for the misconduct alleged."[4]  Simply put, "the factual allegations in a complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.'"[5]   If a complaint contains mere "labels and conclusions" or "formulaic recitations of the elements of a cause of action," it must be dismissed.[6]

When testing the sufficiency of a plaintiff's complaint, a court must limit its consideration to the pleadings and any appropriate exhibits attached thereto.[7] However, a court may take judicial notice of the pleadings and orders in a plaintiff's prior actions as matters of public record, which are "not subject to reasonable dispute because they were capable of accurate and ready determination by resort to sources whose accuracy could not be reasonably questioned."[8]   A court may also consider a document attached to a motion to dismiss if (1) it is central to the plaintiff's claim, and (2) its authenticity is undisputed.[9]   If a court considers any documents that do not satisfy this two-part test, the motion to dismiss must be converted to a motion for summary judgment, requiring the parties to participate in extensive discovery.[10]

Despite the parties' excessive filings, neither side has asked the Court to convert Defendant's Motion into a motion for summary judgment, and the Court declines to do

---

[4] *Iqbal*, 556 U.S. at 678.
[5] *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282-83 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 557-59).
[6] *Twombly*, 550 U.S. at 555.
[7] *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).
[8] *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) (internal quotation marks omitted).
[9] *Id.*
[10] *Id.; see also Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).

so *sua sponte*.   Accordingly, the Court excludes all disputed and non-essential documents, including, but not limited to, Plaintiff's Affidavit and accompanying exhibits [Doc. 10]; Exhibit 1 to Plaintiff's Brief Regarding Privity of the Parties [Doc. 31-1]; and the allonges and assignments attached to Defendants' Motion to Dismiss [Doc. 4-1, at 8-10; Doc. 4-2, at 37-40].[11]   In addition, the Court disregards any factual allegations that do not appear on the face of the Complaint or in appropriate attachments, including any "new" allegations in the parties' original and supplemental briefs in response to the instant Motion.[12]

## II.     Failure to State a Claim

Having reviewed the Complaint and all appropriate exhibits, the Court finds that Plaintiff has failed to set forth sufficient facts to show he is entitled to relief on any of his asserted claims.   In fact, rather than alleging any material facts in his pleading, Plaintiff attempts to "lodge" "[t]he facts and statements made in the securitization audit attached herein."[13]   Frankly, the Court is astonished by Plaintiff's audacity.   Instead of

---

[11] The Court cannot consider additional factual allegations in Plaintiff's Affidavit, which is essentially "a misguided attempt to bolster the Complaint and cure [factual] deficiencies identified in the Motion to Dismiss."   *See Leedom Mgmt. Grp. v. Perlmutter*, No. 8:11-cv-2108-T-33TBM, 2012 WL 503904, at *2 (M.D. Fla. Feb. 15, 2012).   Likewise, Plaintiff's Exhibit 1, a pooling and servicing agreement ("PSA"), pertains to a wholly distinct securitized trust that is not implicated in the instant proceeding, and it is therefore not central to the instant Motion.   In fact, any PSA is wholly irrelevant to the validity of a security interest and later conveyances of the same.   *See, e.g., Sellers v. Bank of Am., Nat. Ass'n*, No. 1:11-CV-3955-RWS, 2012 WL 1853005, *4-5 (N.D. Ga. May 21, 2012).   Finally, Plaintiff challenges the validity and authenticity of Defendants' attached allonges and assignments; therefore, these documents cannot be considered for purposes of the instant Motion.

[12] *See id.*

[13] [Doc. 1-1 at 7].   Oddly enough, Plaintiff failed to attach the audit to his Complaint; however, Defendant has provided an audit in its supplemental brief to the instant Motion [Doc. 28-3].   Where a plaintiff fails to

providing the "short and plain statement" of facts required by the Federal Rules of Civil Procedure,[14] Plaintiff requires the Court to scour a poorly-copied, 45-page "Certified Forensic Loan Audit" in an attempt to discern the basic facts of his case.  This alone would be sufficient for dismissal.[15]   However, the Court is equally concerned by Plaintiff's attempt to incorporate such an "audit," which is more than likely the product of "charlatans who prey upon people in economically dire situation," rather than a legitimate recitation of Plaintiff's factual allegations.[16]  As one bankruptcy judge bluntly explained, "[the Court] is quite confident there is no such thing as a 'Certified Forensic Loan Audit' or a 'certified forensic auditor.'"[17]   In fact, the Federal Trade Commission has issued a "Consumer Alert" regarding such "Forensic Loan Audits."[18]  The Court will not, in good conscience, consider any facts recited by such a questionable authority.[19]

---

introduce a pertinent document as part of his pleading, a defendant may introduce the exhibit as part of his motion attacking the pleading.  *See In re Theragenics Corp. Sec. Litig.*, 105 F. Supp. 2d 1342, 1348 (N.D. Ga. 2000).  Because this document was attached to Plaintiff's Complaint in his Second Action, *Demilio v. Citizens Home Loans, Inc.*, 3:12-CV-52, Doc. 1-1 at 9 (M.D. Ga. Apr. 25, 2012), and because the Plaintiff does not contest the audit's authenticity, the Court concludes that this is the "securitization audit" Plaintiff references in his Complaint.

[14] *See* Fed. R. Civ. P. 8(a)(2).

[15] *Fidel v. Deutsche Bank Nat'l Trust Co.*, No. C10-2094 RSL, 2011 WL 2436134, at *1 (W.D. Wash. June 14, 2011).

[16] *In re Norwood*, 2010 WL 4642447, at *2.

[17] *Id.*

[18] *Id.* at *2 n.2; *see* (Mar. 2010), http://www.consumer.ftc.gov/articles/0130-forensic-loan-audits.  The State of California Department of Real Estate issued a similar alert entitled *Fraud Warning Regarding Forensic Loan Audits* (Feb. 2010), http://www.dre.ca.gov/Consumers/ConsumerAlerts.html.

[19] *See, e.g., Fidel*, 2011 WL 2436134, at *1 (disregarding a "Securitization Audit and Forensic Audit" attached as exhibits to plaintiff's complaint); *accord Hewett v. Shapiro & Ingle*, No. 1:11CV278, 2012 WL 1230740, at *4, n.4 (M.D.N.C. Apr. 12, 2012) (discussing various "audits" and noting that such documents "confirm the empty gimmickery of these types of claims.").

Without Plaintiff's securitization audit, his pleadings are reduced to the Promissory Note, the Security Deed, a quitclaim deed, and a "[t]hreadbare recital of the elements of a cause of action, supported by mere conclusory statements."[20]  The Court construes these remaining sources in the light most favorable to Plaintiff and finds them insufficient to state a claim for relief.

In his Complaint, Plaintiff presents three separate mechanisms to quiet title under Georgia law, stating that he "desires and is entitled to a judicial declaration … quieting title in [him] as of the date on which the loan transaction was consummated. Title shall be titled ant [sic] vested in the Petitioner for violation of the law of this state."[21]  However, Plaintiff fails to provide any information regarding any alleged violations of state law.  Moreover, Plaintiff fails to allege (1) the means by which he claims to hold free and clear title to the Loganville parcel; (2) how and in what manner the security instruments in favor of the Defendants are "void"[22]; (3) what the nature of the purported cloud(s) on said title are; or, (4) who the purported adverse claimants are and the source(s) of their "adverse" claims.  Without this essential information, the Court cannot make a "reasonable" inference that Defendants are liable for any misconduct.[23]  In fact, coupled with Plaintiffs' prior legal proceedings, these documents tend to establish Aurora Bank's rightful ownership of the Loganville parcel.  Thus,

---

[20] *Iqbal*, 556 U.S. at 663.
[21] [Doc. 1-1 at 6].
[22] *Id.*
[23] *See id.* at 678.

Plaintiff's Complaint must be **DISMISSED** for failure to state a claim upon which relief can be granted.[24]

For all practical purposes, the above analysis concludes the Court's consideration of Defendants' Motion to Dismiss.  However, the Court notes that if it could consider the additional facts and attachments presented in the parties' supplemental briefs to the instant Motion, Plaintiff's action would be barred by the doctrine of *res judicata* based on his prior wrongful foreclosure action in this Court.  Of course, this conclusion is limited to the parties' allegations in the present case, and this analysis in no way dictates the Court's consideration of any new cause of action with distinct or additional facts.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss [Doc. 4], and Plaintiff Demilio's Complaint is **DISMISSED with prejudice** as to all Defendants for failure to state a claim upon which relief may be granted.[25]  Defendants' remaining Motions to Strike [Docs. 14 and 32] are **TERMINATED as MOOT**.

**SO ORDERED,** this 29th day of January, 2013.

S/  C. Ashley Royal
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

BBP/lmh

---

[24] This ruling should come as no surprise to Plaintiff considering his Response to the instant Motion, wherein he states that "[i]n the event the Court <u>denies</u> Defendants' Motion [to Dismiss], the Court and all Parties can expect that Plaintiff will immediately seek to file an Amended Complaint with additional detail." [Doc. 11 at 9, n.5].

[25] The Court declines to provide any other relief to Defendants in the present Order as neither side has sufficiently addressed Defendants' requests for attorney's fees, costs, and sanctions.